UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andre Juste, #078-367-619, | ) | C/A No. 4:16-3832-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Embassy of Haiti, | ) | |
| Todd L. Tyon, | ) | |
| Jeffery L Crane, | ) | |
| Michael T. Phillips, | ) | |
| Payman Juanita, | ) | |
| William J. Hochul, Jr., | ) | |
| Gail Y. Mitchell, | ) | |
| Agent Martinez, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil rights action filed by a *pro se* litigant who indicates that he is an immigration detainee.[1] Because Plaintiff cannot leave the facility where he is detained on his own, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of

---

[1] In the past, this court has treated Plaintiff under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07mc-5015-JFA (D.S.C. Sept. 18, 2007), due to a lack of information as to whether Plaintiff's detainment by I.C.E. was due to improper entry(criminal) or unlawful presence(civil). *See* 8 U.S.C. §§ 1324d, 1325. The court now has information that Plaintiff is being detained criminally due to entering unlawfully in the 1990s, and subsequently committing the criminal offense of robbery. *See* 4:16-cv-03832-MGL-TER, ECF No. 1. Thus, the court now treats Plaintiff as a prisoner for the purposes of this district's General Order.

Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City*

*of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## BACKGROUND

Plaintiff alleges the embassy issued travel documents while Plaintiff's removal proceedings were still pending. Plaintiff alleges he has lived in the U.S. since his entry date in 1993 and is a descendant of Holland, not Haiti. He says he has this same case pending in other courts. His allegations involve fraud, forgery, and unlawful reproduction of identification documents. Plaintiff cites 18 U.S.C. § 1001(a)(2), 18 U.S.C. § 18, 18 U.S.C. § 1546, 18 U.S.C. § 1621, 18 U.S.C. § 1581, 8 U.S.C. § 1324C, 28 U.S.C. § 1917, 5 U.S.C. § 551, *Bivens*, and Eighth and Fourth Amendment violations. As for injuries, he states emotional distress and anxiety. He requests monetary damages. He states he has a Second Circuit Court of Appeals Docket No. 15-3430. Plaintiff appealed his order of removal on October 16, 2015, to the Second Circuit. On February 18, 2016, the Second Circuit Court of Appeals granted a motion to dismiss and the case was terminated.

Plaintiff attached the following documents: "Notice of Intent to Issue a Final Administrative Removal Order;" "Final Administrative Removal Order;" Warrant of Removal/Deportation;" a letter from I.C.E. to the Embassy of Haiti; documents in a foreign language; and birth certificate. Plaintiff states that: he is detained in New York; Defendant Embassy is located in Washington, D.C; Defendants Tyon, Crane, Phillips, Juanita, Hochul, and Mitchell are located in New York; and

3

Defendant Martinez is located in West Virginia.   Plaintiff seeks monetary damages.

## DISCUSSION

**Defendant Embassy of Haiti**

Plaintiff states the Embassy issued travel documents without his knowledge. An embassy is a foreign state for purposes of the Foreign Sovereign Immunities Act (FSIA)(28 U.S.C. § 1602, et sq.).  *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 31 (D. D.C. Sept. 11, 2014).  In suits brought pursuant to FSIA, the traditional tenets of personal jurisdiction do not apply in the same way; because foreign sovereigns are not persons the court does not determine if exercise of personal jurisdiction conforms to constitutional limits. In deciding whether to exercise jurisdiction over a foreign state pursuant to the FSIA, courts must conduct a two-pronged inquiry to determine: "(1) whether service of the foreign state was accomplished properly, and (2) whether one of the statutory exceptions to sovereign immunity applies." *Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 171-72 (D.D.C. 2006); *see also* 28 U.S.C. §§ 1330(a)–(b).  The question is whether there is an applicable exception to 28 U.S.C. § 1604 jurisdictional immunity under 28 U.S.C. § 1605.  Plaintiff has not pleaded sufficient facts of an exception to jurisdictional immunity for Defendant Embassy of Haiti, and thus, Defendant Embassy of Haiti is subject to summary dismissal for a lack of personal jurisdiction.

**Federal Employee Defendants Tyon, Crane, Phillips, Juanita, Hochul, Martinez, and Mitchell-Official Capacity**

The remaining Defendants are individual federal employees. Plaintiff's constitutional claims are analyzed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which "established that victims of a constitutional violation by a federal agent have a

right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under § 1983, because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n.30 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443–44 (4th Cir.1988) (abrogated on other grounds in *Johnson v. Jones*, 515 U.S. 304 (1995)).

"Any remedy under Bivens is against federal officials individually..." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir.1996). A *Bivens* action cannot lie against Defendants Tyon, Crane, Phillips, Juanita, Hochul, Martinez, and Mitchell in their official capacities. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir.2003). Accordingly, Plaintiff's *Bivens* claims should be dismissed as to Defendants Tyon, Crane, Phillips, Juanita, Hochul, Martinez, and Mitchell in their official capacities.

Furthermore, even if this case is treated as brought under the Federal Tort Claims Act, the federal employee Defendants here are still entitled to summary dismissal. The FTCA waives the sovereign immunity of the United States in certain situations. However, litigants must strictly comply with the FTCA's requirements. *See* 28 U.S.C. § 2675; *U.S. v. Kubrick*, 444 U.S. 111, 117-18 (1979). A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Sheridan v. Rendell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; 28 U.S.C. 2401(b). There is no indication

that Plaintiff has filed an administrative claim pursuant to the FTCA as to the federal agencies here. Such requirement is jurisdictional and not waivable. *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). Accordingly, this court lacks subject matter jurisdiction over said claims.

**Federal Employee Defendants- Individual Capacity**

"A district court does not have nationwide jurisdiction over defendants who live outside the forum state simply because the defendants are federal government employees." *Jackson v. Reilly*, 2008 WL 706861, at *14 (D.S.C. Mar. 14, 2008)(citing *Stafford v. Briggs,* 444 U.S. 527 (1980). "Because a *Bivens* action seeks relief against the personal resources of a federal employee in his individual capacity, the court must acquire personal jurisdiction in order to enter a binding judgment." *Id.* (citing *Griffith v. Nixon*, 518 F.2d 1195 (2d Cir.1975).

A requirement in any civil action is that the particular district court in which a Complaint is brought must have personal jurisdiction over the defendants. A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. P. 4(k)(1)(A), 4(e)(1); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). The exercise of jurisdiction over a non-resident defendant must be both authorized under the state's long-arm statute and must comport with the due process requirements of the Fourteenth Amendment. *Carefirst of Md. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 396 (4th Cir. 2003). Under South Carolina's long arm statute, S.C. Code Ann. § 36-2-803, nonresidents may be served and subjected to state court jurisdiction when certain types of facts are presented in a case (e.g. entering a contract in this state, committing a tort in this state, etc.). None of those types of facts are presented in this case as to the Defendants who are New York, West Virginia, and Washington, D.C. residents. Defendants lack sufficient connection to South Carolina. Thus, the District of South Carolina cannot extend its

6

personal jurisdiction to reach the Defendants.

A district court may exercise personal jurisdiction over a non-resident defendant "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). South Carolina's long-arm statute extends to the outer limits of Fourteenth Amendment due process and as such the only question then is "whether the exercise of personal jurisdiction would violate due process." *See, e.g., Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 508 (S.C. 2005). Due process is satisfied in relation to personal jurisdiction, if a defendant purposefully avails himself of the privilege of conducting business within the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). There must be sufficient "minimum contacts" with the forum state, such that maintenance of the suit does not offend traditional notions of "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 3206 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

There are no allegations present here for the court to find personal jurisdiction over the Defendants: the Defendants live in New York, West Virginia, and Washington, D.C.; the action complained of did not occur in South Carolina; the Plaintiff is detained in a facility in New York. There are no contacts, purposeful availment, or sufficient connection with the state of South Carolina by the Defendants. Thus, it is recommended that the Defendants be dismissed without prejudice due to a lack of personal jurisdiction.[2]

---

[2] It is noted Plaintiff has filed an action involving similar allegations and defendants as the instant case, in the Northern District of California. *Juste v. Embassy of Haiti, et al*, No. 3-16-cv-07290SI (N.D. Calif filed Dec. 8, 2016).

**RECOMMENDATION**:

Accordingly, it is recommended that the district court summarily dismiss the complaint in this case without prejudice, and without issuance and service of process. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993).

|  |  |
|---|---|
| February 3, 2017 | s/ Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).